**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.

RAM SINGH, JR.,

      Plaintiff,

v.

1100 WEST INVESTMENTS, LLC,
d/b/a MONDRIAN SOUTH BEACH,
a Foreign Limited Liability Company,

      Defendant.

_____/

## **COMPLAINT**

COMES NOW, RAM SINGH, JR. ("Plaintiff"), by and through the undersigned attorney, hereby sues Defendant, 1100 WEST INVESTMENTS, LLC, d/b/a MONDRIAN SOUTH BEACH, a Foreign Limited Liability Company ("Defendant" or the "Company"), and states:

### **JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), 42 U.S.C. §§ 12101 *et seq.*, and the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

## **PARTIES**

5.  Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise *sui juris*.

6.  At all times material hereto, Plaintiff was an American individual and is a member of a class protected under Title VII and the FCRA, because the terms, conditions, and privileges of his employment were altered because of his race and national origin.

7.  Further, Plaintiff was retaliated against for his complaints of discriminatory conduct on behalf of Defendant, which places him within a class protected under Title VII and the FCRA.

8.  Defendant is a Foreign Limited Liability Company organized and authorized to do business in Florida. Specifically, Defendant is a hotel doing business as the "Mondrian South Beach," which is located at 1100 West Ave, Miami Beach, FL 33139. All facts which give rise to this Complaint occurred in Miami, Florida.

9.  Defendant has, at all times material, employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

10. Plaintiff has exhausted his administrative remedies by filing a timely Charge of Discrimination ("Charge") against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

11. Plaintiff's Charge was filed on or about March 10, 2022. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was issued a Notice of Right to Sue on November 21, 2022 ("Notice"). This suit is filed on accordance with that Notice and within the applicable ninety-day (90-day) time limitation. A copy of the Notice is attached hereto as Exhibit "A".

13. The FCHR did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO ALL COUNTS

15. Plaintiff began working for Defendant on or about November 2021, as a Banquet Captain.

16. At the time of hire, speaking Spanish was never a qualification for Plaintiff's position, nor at any other time during Plaintiff's employment was there a requirement that the individual working as Banquet Captain be required to speak Spanish.

17. From the inception of Plaintiff's employment with Defendant until his termination, Plaintiff reported to and was under the supervision of Victor Criado ("Mr. Criado") (Latino/Hispanic).

18. From the outset, Mr. Criado treated Plaintiff less favorably than his Latino/Hispanic, Spanish-speaking counterparts in virtually all respects of the work environment because Plaintiff did not speak Spanish. Plaintiff was micromanaged, given tasks with unrealistic deadlines and no directions, spoken to in a rude and condescending tone, and assigned work beyond his job description and position, which would prevent Plaintiff from making as many tips as other Spanish-speaking Banquet Captains.

19. Mr. Criado would call Plaintiff "incompetent" and expressed his disfavor for working with Plaintiff due to the "language barrier."

20. Starting on or about January 3, 2022, Plaintiff complained to the Company's Human Resources representative, Devon Rivera ("Mr. Rivera") (Black, Caribbean), about the disparate and

discriminatory treatment he was being subjected to. Specifically, Plaintiff complained that he felt he was being discriminated against by Mr. Criado because he is not Latino/Hispanic and does not speak Spanish. Mr. Devon told Plaintiff that the issue would be investigated and resolved, and Plaintiff was sent home early.

21. The very next day after Plaintiff's complaint, Plaintiff was reassigned by Mr. Criado and the Restaurant Manager, Christina (LNU) ("Ms. Christina") (Latino/Hispanic), to a shift as "Room Service Server," an entry-level position, and was told that he needed to undergo training. Plaintiff was sent home for the day pending the training.

22. That same day, Defendant posted an opening for the position of "Banquet Captain" on Indeed.

23. While Plaintiff was scheduled as a Room Service Server, Plaintiff's tips were significantly less, and his overall income was negatively affected. None of the Latino/Hispanic Banquet Captains were reassigned to Room Service Server.

24. When Plaintiff returned to work the next day, Plaintiff complained to Mr. Criado about the reassignment. Mr. Criado's excuse for the reassignment was that there was "not enough work" for Plaintiff in his role as Banquet Captain.

25. However, on or about January 9, 2022, the Company hired Freddie (LNU) ("Mr. Freddie"), a Latino/Hispanic individual who spoke Spanish, for the position of Banquet Captain. Mr. Criado asked Plaintiff to train Mr. Freddie.

26. From the inception of Mr. Freddie's employment, Mr. Criado treated him with preferential treatment. He did not micromanage Mr. Freddie the way he did Plaintiff, and Mr. Freddie was allowed to take breaks and leave work without completing his tasks for the day, which Plaintiff was not allowed to do.

27. On or about January 11, 2022, Plaintiff again complained to Mr. Rivera about the unfavorable treatment he was being subjected to, and how he felt he was being discriminated and/or retaliated against for his prior complaints about discrimination.

28. On or about January 13, 2022, Plaintiff was asked to attend a meeting with Mr. Rivera and Mr. Criado to address Plaintiff's concerns of discrimination and retaliation.

29. At the meeting, Plaintiff was advised of alleged issues with his performance by Mr. Criado. None of Plaintiff's complaints of discrimination were addressed at the meeting, and, upon information and belief, there was never an investigation conducted nor was Mr. Criado disciplined.

30. After the meeting, the disparate treatment towards Plaintiff only worsened. Mr. Criado continued to micromanage Plaintiff, and subjected Plaintiff to unreasonable deadlines and workload. No other Banquet Captain had the same workload or was treated this way.

31. Specifically, Mr. Criado would not allow Plaintiff to take a lunch break, while Mr. Freddie was not micromanaged and was allowed to sit down to eat lunch.

32. In addition, Mr. Criado would allow Mr. Freddie to go home without completing his work – which was then transferred to Plaintiff, who had to finish Mr. Freddie's work in addition to his own within an unreasonable amount of time set as the deadline by Mr. Criado.

33. On or about January 19, 2022, when Plaintiff was unable to meet the unrealistic deadlines set for him for that day to finish Mr. Freddie's work in addition to his own, Mr. Criado sent Plaintiff home and told him not to come back.

34. On or about January 25, 2022, Mr. Rivera told Plaintiff that his employment was not working out and that he was terminated.

35. Defendant acted with intentional disregard for Plaintiff's rights under Title VII and the FCRA.

36. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

37. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, national origin, and/or complaints of discrimination were motivating factor(s) in the decision for adverse employment action(s).

38. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

39. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (DISCRIMINATION BASED ON RACE)

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 as if set out in full herein.

41. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§ 706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff based on his race.

42. Plaintiff is a member of a protected class, to wit, American race.

43. Defendant, by and through its managers and other representatives, treated Plaintiff less favorably than the other Latino employees as alleged above.

44. Defendant did not treat Plaintiff the same as other Latino employees, in that Latino employees were not insulted, micromanaged, or required to complete tasks in an unreasonable and impossible amount of time. Furthermore, despite Plaintiff's years of experience and qualifications as a Banquet Captain, Plaintiff was reassigned to perform entry-level duties,

while the Latino Banquet Captains were not subject to this reassignment, which constituted a demotion.

45. Despite being well-qualified for his position, Plaintiff was demoted, subjected to unfair treatment, and ultimately, terminated on or about January 25, 2022.

46. Plaintiff's reassignment and other disparate treatment, including but not limited to Plaintiff's termination, constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

47. At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

48. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

49. Defendant's failure to adhere to the mandates of Title VII and its violations of the provisions of Title VII were willful.

50. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on

account of his race in violation of Title VII with respect to its decision to treat Plaintiff different from Latino employees.

51. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

52. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

53. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g).

54. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice and intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

55. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### <u>COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT</u><br>(DISCRIMINATION BASED ON RACE)

56. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 as if set out in full herein.

57. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff on the basis of his race.

58. Plaintiff is a member of a protected class, to wit, American race.

59. Defendant, by and through its managers and other representatives, treated Plaintiff less favorably than the other Latino employees as alleged above.

60. Defendant's managers acted with intentional disregard for Plaintiff's rights as a person of American race under the FCRA.

61. Defendant did not treat Plaintiff the same as other Latino employees, in that Latino employees were not insulted, micromanaged, or required to complete tasks in an unreasonable and impossible amount of time. Furthermore, despite Plaintiff's years of experience and qualifications as a Banquet Captain, Plaintiff was reassigned to perform entry-level duties, while the Latino Banquet Captains were not subject to this reassignment, which constituted a demotion.

62. Despite being well-qualified for his position, Plaintiff was demoted, subjected to unfair treatment, and ultimately, terminated on or about January 25, 2022.

63. Plaintiff's reassignment and other disparate treatment, including but not limited to Plaintiff's termination, constitute adverse employment actions under the FRCA.

64. Defendant is a sophisticated employer who has actual knowledge of the requirements of the FRCA.

65. Defendant's failure to adhere to the mandates of the FRCA and its violations of the provisions of the FRCA were willful.

66. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his race in violation of the FRCA with respect to its decision to treat Plaintiff different from Latino employees.

67. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

68. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

69. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

70. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice and intentional disregard for his protected rights under the FRCA. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified

the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### <u>COUNT III – VIOLATION OF THE CIVIL RIGHTS ACT OF 1964</u><br>(DISCRIMINATION BASED ON NATIONAL ORIGIN)

71. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 as if set out in full herein.

72. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§ 706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff based on his national origin.

73. Plaintiff is a member of a protected class, to wit, American national origin.

74. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin, American descent, and subjected Plaintiff to animosity and discrimination based on the fact he was not Hispanic.

75. Such discrimination was based on Plaintiff's national origin, in that Plaintiff would not have been the subject of discrimination but for the fact that Plaintiff was not Hispanic.

76. Defendant favored other Hispanic employees, in that other Hispanic, Spanish-speaking employees were not insulted, micromanaged, or required to complete tasks in an unreasonable and impossible amount of time. Furthermore, despite Plaintiff's years of experience and qualifications as a Banquet Captain, Plaintiff was reassigned to perform entry-level duties, while the Hispanic Banquet Captains were not subject to this reassignment, which constituted a demotion.

77. Despite being well-qualified for his position, Plaintiff was demoted, subjected to unfair treatment, and ultimately, terminated on or about January 25, 2022.

78. Plaintiff's reassignment and other disparate treatment, including but not limited to Plaintiff's termination, constitute adverse employment actions under Title VII of the Civil Rights Act of 1964.

79. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

80. At all times material hereto, Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

81. At all times material hereto, Defendant's managers, employees, and/or representatives exhibited discriminatory conducts towards Plaintiff, which possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

82. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

83. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

84. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his national origin in violation of Title VII with respect to its decision to treat Plaintiff different from other similarly situated Hispanic employees.

85. Defendant's adverse actions against Plaintiff were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was not Hispanic, in violation of Title VII.

86. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

87. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

88. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(g).

89. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice and intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

90. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 as if set out in full herein.

91. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff on the basis of his national origin.

92. Plaintiff is a member of a protected class, to wit, American national origin.

93. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin, American descent, and subjected Plaintiff to animosity and discrimination based on his national origin.

94. Such discrimination was based on Plaintiff's national origin in that Plaintiff would not have been the subject of discrimination but for the fact that Plaintiff was not Hispanic.

95. Defendant favored other Hispanic employees, in that other Hispanic, Spanish-speaking employees were not insulted, micromanaged, or required to complete tasks in an unreasonable and impossible amount of time. Furthermore, despite Plaintiff's years of experience and qualifications as a Banquet Captain, Plaintiff was reassigned to perform entry-level duties, while the Hispanic Banquet Captains were not subject to this reassignment, which constituted a demotion.

96. Despite being well-qualified for his position, Plaintiff was demoted, subjected to unfair treatment, and ultimately, terminated on or about January 25, 2022.

97. Plaintiff's reassignment and other disparate treatment, including but not limited to Plaintiff's termination, constitute adverse employment actions under the FRCA.

98. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

99. At all times material hereto, the employees exhibited discriminatory conducts towards Plaintiff, which possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with Defendant.

100.    As a result of Defendant's action, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

101.    Defendant is a sophisticated employer who has actual knowledge of the requirements of the FRCA.

102.    The conduct of Defendant, by and through the conduct of its managers, agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiff, deprived Plaintiff of statutory rights under federal and state law.

103.    Defendant's failure to adhere to the mandates of the FRCA and its violations of the provisions of the FRCA were willful.

104.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's protected rights, discriminated against Plaintiff on account of his national origin in violation of Act with respect to its decision to treat Plaintiff different from other similarly situated Hispanic employees.

105.    Defendant's adverse actions against Plaintiff were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was not of Hispanic descent, in violation of the FRCA.

106.    If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

107.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, as well as mental pain and suffering.

108.    Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA, §§ 760.01-760.11.

109.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice and intentional disregard for his protected rights under the FRCA. Defendant, by and through their managers, supervisors, and/or other agents, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff respectfully requests that:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B.  The Court award punitive damages as permitted under the law;

C.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V – VIOLATION OF THE CIVIL RIGHTS ACT OF 1964
### (RETALIATION)

110.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 as if set out in full herein.

111.   Since on or about January 3, 2022, Plaintiff made several complaints of disparate treatment to Ms. Christina, Mr. Criado, and Mr. Rivera as set forth above.

112.   Plaintiff was terminated by Ms. Christina, Mr. Criado, and Mr. Rivera. Based upon conversations which included the same individuals, Plaintiff knows that all parties were aware of his complaints.

113.   As a direct result of Plaintiff's complaints of actions that Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

114.   The conduct of Defendant, by and through the conduct of its managers, agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

115.   Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice and intentional disregard for his protected rights under the Title VII. Defendant, by and

through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

116.   Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the reassignment in job duties, prevention of tips, and Plaintiff's termination, are pretextual (if any).

117.   If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A.   The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, § 706(g);

B.   The Court award punitive damages as permitted under the law;

C.   The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D.   Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E.   The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

118.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 as if set out in full herein.

119.    Since on or about January 3, 2022, Plaintiff made several complaints of disparate treatment to Ms. Christina, Mr. Criado, and Mr. Rivera as set forth above.

120.    Plaintiff was terminated by Ms. Christina, Mr. Criado, and Mr. Rivera. Based upon conversations which included the same individuals, Plaintiff knows that all parties were aware of his complaints.

121.    As a direct result of Plaintiff's complaints of actions that Plaintiff objectively perceived to be discriminatory in nature, Plaintiff was summarily disciplined, treated in a progressively worse manner, and ultimately terminated by Defendant.

122.    The conduct of Defendant, by and through the conduct of its managers, agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Florida law.

123.    Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice and intentional disregard for his protected rights under the FRCA. Defendant, by and through its managers, officers, supervisors, and/or agents, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

124. Defendant's stated reason(s) for the adverse employment action(s) against Plaintiff, including but not limited to the reassignment in job duties, prevention of tips, and Plaintiff's termination, are pretextual (if any).

125. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints of discrimination, were a motivating factor in the decision for the adverse employment action(s).

WHEREFORE, Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11;

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, RAM SINGH, JR., hereby demands trial by jury on all issues and all counts of

this Complaint so triable as a matter of right.


Dated: <u>February 17, 2023</u>.                    Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com